**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Dec 11 2014, 9:55 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
Deputy Attorney General
Indianapolis, Indiana

**DAVID DICKMEYER**
Certified Legal Intern

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF: | ) ) ) | |
| B.B., Minor Child, | ) ) | |
| and | ) ) | |
| M.B., Mother, | ) ) | |
| Appellant-Respondent, | ) ) | |
| vs. | ) ) | No. 49A04-1404-JT-149 |
| THE INDIANA DEPARTMENT OF CHILD SERVICES, | ) ) ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn Moores, Judge
The Honorable Larry Bradley, Magistrate
Cause No. 49D09-1309-JT-16219

**December 11, 2014**

**MAY, Judge**

M.B. (Mother) appeals the involuntary termination of her parental rights to B.B. (Child). Mother[1] argues the trial court abused its discretion when it denied her motion to continue. We affirm.

## FACTS AND PROCEDURAL HISTORY

Child was born to Mother on October 31, 2011. On August 29, 2012, the Department of Child Services (DCS) removed Child from Mother's care because Mother was arrested and there was no one to care for Child. On October 26, Mother admitted Child was a Child in Need of Services (CHINS) because Mother was a minor, lacked financial means to provide for Child's needs, was incarcerated, and tested positive for an illegal substance. On November 16, the trial court adjudicated Child as a CHINS and ordered Mother to participate in services such as home based therapy, substance abuse treatment, and assistance to obtain stable employment and housing.

On February 15, 2013, the trial court held a status hearing. It found Mother had not participated in services, and, at Mother's request, ordered Mother to complete in-patient drug treatment. The trial court held three more status hearings but Mother did not appear at them. She was incarcerated throughout the proceedings, first in Marion County and then in Shelby County.

On September 9, 2013, DCS filed for termination of the parent-child relationship. In

---

[1] Child's father is unknown.

anticipation of the February 27, 2014, evidentiary hearing on the petition to terminate, Mother requested transport from the Marion County jail to the Marion County courthouse. The trial court granted that request, but a week before the hearing Mother was relocated to Shelby County. On February 20, Mother requested transport from the Shelby County jail, which the trial court denied. The trial court then stated Mother could appear at the February 27 hearing either via videoconference or telephone.

On February 27, the trial court held an evidentiary hearing and Mother appeared by telephone. She requested a continuance until she could appear in person, and the trial court denied her request. On March 6, the trial court ordered the termination of Mother's parental rights.

## DISCUSSION AND DECISION

We review termination of parental rights with great deference. *In re K.S.*, 750 N.E.2d 832, 836 (Ind. Ct. App. 2001). We will not reweigh evidence or judge credibility of witnesses. *In re D.D.,* 804 N.E.2d 258, 265 (Ind. Ct. App. 2004), *trans. denied*. Instead, we consider only the evidence and reasonable inferences most favorable to the judgment. *Id.* In deference to the trial court's unique position to assess the evidence, we will set aside a judgment terminating a parent-child relationship only if it is clearly erroneous. *In re L.S.*, 717 N.E.2d 204, 208 (Ind. Ct. App. 1999), *trans. denied*, *cert. denied* 534 U.S. 1161 (2002).

The decision to grant or deny a continuance rests within the sound discretion of the juvenile court. *Rowlett v. Vanderburgh Cnty. Office of Family and Children*, 841 N.E.2d 615, 619 (Ind. Ct. App. 2006), *trans. denied*. We will reverse only for an abuse of that

discretion.  *Id*.  An abuse of discretion occurs when the party requesting the continuance has shown good cause for granting the motion and the juvenile court denies it.  *Id*.  No abuse of discretion will be found when the moving party is not prejudiced by the denial of its motion.  *Id*.  Mother argues the trial court abused its discretion when it denied her motion to continue because she could not be physically present for the termination hearing.

Although the "traditional right of parents to establish a home and raise their children is protected by the Fourteenth Amendment of the United States Constitution," *In re M.B.*, 666 N.E.2d 73, 76 (Ind. Ct. App. 1996), *trans. denied*, a parent does not have a constitutional right to be physically present at a termination hearing.  *In re C.G.*, 954 N.E.2d 910, 921 (Ind. 2011). Whether to permit an incarcerated parent to attend a termination hearing is within the sound discretion of the juvenile court.  *Id*. at 922.  In exercising that discretion,

> the trial court judge should balance the following factors: (1) [t]he delay resulting from parental attendance; (2) the need for an early determination of the matter; (3) the elapsed time during which the proceeding has been pending; (4) the best interests of the child(ren) in reference to the parent's physical attendance at the termination hearing; (5) the reasonable availability of the parent's testimony through a means other than his or her attendance at the hearing; (6) the interests of the incarcerated parent in presenting his or her testimony in person rather than by alternate means; (7) the affect [sic] of the parent's presence and personal participation in the proceedings upon the probability of his or her ultimate success on the merits; (8) the cost and inconvenience of transporting a parent from his or her place of incarceration to the courtroom; (9) any potential danger or security risk which may accompany the incarcerated parent's transportation to or presence at the proceedings; (10) the inconvenience or detriment to parties or witnesses; and (11) any other relevant factors.

*Id*. at 922-23.

Mother relies on *In re K.W.*, in which our Indiana Supreme Court reversed the

involuntary termination of the relationship between K.W. and his mother because the juvenile court abused its discretion when it denied the mother's request for a continuance because she could not be transported from prison to the termination hearing. 12 N.E.3d 241, 249 (Ind. 2014). However, *K.W.* is distinguishable. In *K.W.*, the mother was not permitted to appear by telephone as was Mother in the case before us. In *K.W.*, the mother's release from prison was imminent, whereas in the case before us, it was unclear when Mother would be released because her pre-trial hearing was scheduled four weeks after the termination hearing.[2]

The trial court did not abuse its discretion when it denied Mother's request for a continuance. Accordingly, we affirm.

Affirmed.

BARNES, J., and PYLE, J., concur.

---

[2] *K.W.* also included an analysis of the factors set forth in *In re C.G.*, 954 N.E.2d at 922-23. With regards to those factors, we note Mother had failed to attend three prior hearings, and was not incarcerated at the time of those hearings; her release date from her incarceration at the time of the hearing was unknown; the proceedings were nearing the statutory 180-day time limit for a termination proceeding; Mother had counsel at the hearing, and had been able to consult with counsel prior to the hearing; Mother was able to testify during the hearing; and there was sufficient evidence to prove termination was proper, and Mother does not appeal any of the trial court's findings.